ASHLEY R. AMERIO, ESQ. (SBN 230469)
JEFFREY FLETTERICK, ESQ. (SBN 270847)
**AMERIO LAW FIRM P.C.**
1651 Response Road, First Floor
Sacramento, CA  95815
Telephone: (916) 419.1111
Email: ashley@ameriolaw.com
         jeff@ameriolaw.com

Attorneys for Plaintiff,
ALLEGRA CASIMIR-TAYLOR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of HUGO PINELL, deceased, by and through ALLEGRA CASIMIR-TAYLOR, as Successor in Interest and ALLEGRA CASIMIR-TAYLOR, Individually<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, SCOTT KERNAN, RON RACKLEY, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR WRONGFUL DEATH (CCP § 377.60, et. seq.)** |

Plaintiffs ALLEGRA CASIMIR-TAYLOR and the Estate of HUGO PINELL, by and through ALLEGRA CASIMIR-TAYLOR, as Successor in Interest, (herein, "Plaintiffs") for causes of action against Defendants STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION (herein after "CDCR"), SCOTT KERNAN, RON RACKLEY and DOES 1 through 100, inclusive and each of them who allege as follows:

## JURISDICTION AND VENUE

1.  This complaint seeks damages and attorneys' fees pursuant to Title 42 U.S.C. sections 1983 and 1988 for violations of decedent's and survivor's civil rights and violations of

California State law. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367.2.

2. Plaintiffs' claims arose in the County of Sacramento, California. Venue lies in the Eastern District of California pursuant to 28 U.S.C. § 1291(b)(2).

## FACTUAL BACKGROUND

3. HUGO PINELL ("PINELL") had gained notoriety during his 43 years of incarceration in which he was isolated in the SHU unit for a majority of the time. He was known as one of the "San Quentin Six" for his alleged participation in a violent attack within the prison in 1971 under the leadership of black militant George Jackson that resulted in the death of correctional officers.

4. Over the years, PINELL was attacked by other inmates. In 1981, he received lacerations when an inmate threw a homemade bomb at him. In 1984, he was stabbed twice in the back by another inmate.

5. PINELL spent much of his time in prison in solitary confinement at his request. In 1987, he stated that he stayed in his cell in Folsom to avoid his enemies and was concerned that they're not going to give up now.

6. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ('CDCR") employees referred to PINELL as the most dangerous man in the California prison system.

7. ALLEGRA CASIMIR-TAYLOR reached out to her father, PINELL and started writing her father PINELL on a daily basis. His insight and caring despite his long incarceration was inspiring to her and renewed her vigor in pursuing her charitable work within under-served communities.

8. PINELL was transferred to California State Prison, Sacramento in January 2014. Once PINELL was transferred, ALLEGRA CASIMIR-TAYLOR started visiting him every weekend and rearranged her schedule on a consistent basis so she would not miss the visitations.

9. PINNEL was an important figure in ALLEGRA CASIMIR-TAYLOR's life.

## GENERAL ALLEGATIONS

10. This action arises out of the untimely and avoidable death of HUGO PINELL at New Folsom State Prison officially known as California State Prison, Sacramento ("CSPS") on August 12, 2015.

11. PINELL was kept in a Security Housing Unit ("SHU") or solitary confinement for 43 years. Just 5 days before he was killed, he was released into general population despite the fact that CDCR knew that he was targeted by other inmates. They were aware of multiple credible death threats against PINELL including a threat issued by the Aryan Brotherhood.

12. On August 12, 2015, PINELL was attacked by at least two white inmates in a general-population yard at CSPS. Jayson W. Weaver and Waylon D. Pitchford, who both had an extensive history of racially motivated attacks on other inmates, were criminally charged for their alleged role in the assassination.

13. Defendants knew that Weaver was convicted in 2006 for an assault on another inmate, drawing a life-without-parole sentence and that he had already been serving a sentence of life in prison with the possibility of parole for a 1995 murder conviction.

14. Defendants knew that Pitchford is facing charges in connection with another violent assault on an inmate at the Folsom prison and that he is accused of attacking another inmate and with possession of a shank in August 2013.

15. The attack culminated in a prison riot that ended up injuring 29 other inmates. The riot began in a general-population yard at the prison, which houses 2,300 maximum-security inmates. The assassination of PINELL was that catalyst for the melee.

16. CDCR staff knew that he was a target for assassination by multiple groups of prisoners and that there was substantial risk he would be killed if was taken out of the SHU unit and placed in General Population. Reportedly CDCR employees placed bets on how long PINELL would survive being in general population.

## PARTIES

17. The full extent of the facts linking the factiously designated Defendants within this cause of action and/or the true names or capacities, whether individual, corporate,

partnership, associate, or otherwise, of Defendants DOES 1 through 100 are unknown to Plaintiffs. Plaintiffs are informed, believe, and alleged that each of Defendants designated as a DOE is negligently, wantonly, wrongfully and unlawfully responsible in some manner for the events and happenings herein referred to and proximately caused injured and damages to Plaintiffs as herein alleged. Plaintiffs will hereinafter seek leave of Court to amend this Complaint to show said Defendants' true names and capacities after the same have been ascertained.

18. At all times herein mentioned, each Defendant was the agent of each and all other Defendants, and each of them, and said action was within the course and scope of said agency.

19. At all times mentioned herein Plaintiff ALLEGRA CASIMIR-TAYLOR was the daughter of decedent HUGO PINELL, and resided within the State of California.

20. At all times mentioned herein Plaintiff's Decedent, HUGO PINELL, was an inmate at CSPS within the State of California.

21. Plaintiffs are informed and believe and thereon allege that, at all times mentioned herein, Defendants, STATE OF CALIFORNIA and DOES 1 through 10 and STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR) and DOES 11-20 (hereinafter referred to as "STATE OF CALIFORNIA/CDCR"), was acting under color of state law and were duly organized public entities within the State of California who owned and/or controlled California State Prison, Sacramento (hereinafter referred to as "CSPS") where the subject incident occurred, was acting under color of state law, and are subject to the jurisdiction of this Court.

22. At all times herein mentioned, Plaintiff is informed and believes that SCOTT KERNAN and DOES 21-30 is the Chief of CDCR and was acting under color of state law.

23. At all times herein mentioned, Plaintiff is informed and believes that RON LACKEY and DOES 31-40 is the Warden at CSPS was acting under color of state law.

**COMPLIANCE WITH GOVERNMENT TORT CLAIM PROCEDURES**

24. As a pre-requisite to the state law claims alleged herein against State of California employees/agents, Plaintiffs timely filed governmental claims with the Victims Compensation

1  and Government Claims Board. A copy of the Claim is attached as Exhibit A.

2  25. By correspondence from the California Victims Compensation and Government

3  Claims Board these claims were rejected. A copy of the rejection is attached as Exhibit B.

4  26. This action has been filed within six months of the rejection by the California

5  Victims Compensation and Government Claims Board rejection, as required by law.

**FIRST CAUSE OF ACTION**
Deliberate Indifference to Health and Safety
(Violation of the Eighth Amendment to the U.S. Constitution:
Survival Action- 42 U.S.C. §1983)

9  27. On behalf of decedent PINELL, Plaintiffs re-allege and incorporate by reference

10  paragraphs 1 through 26, as though fully set forth herein.

11  28. Defendants and Does 1 through 100, and each of them, knew that decedent was in

12  imminent danger of serious risk of harm to his health and safety, including being at obvious risk

13  of being targeted for assassination, if he was placed in general population due to (1) multiple

14  death threats (2) various documentation in his transfer paperwork and C-file, which specifically

15  noted that he had could not be placed in general population, and that he was in grave danger and

16  would be killed if he was let out of solitary confinement or SHU and placed in general

17  population.

18  29. The imminent danger of death or grievous bodily harm to PINELL that

19  Defendants ignored and failed to take adequate safety precautions against were obvious and

20  immediate substantial threats to his health, safety, and to his very life.

21  30. Defendants' acts and/or omissions as alleged herein, including but not limited to

22  the failure to take other measures to protect him from serious harm, constituted deliberate

23  indifference to a substantial risk PINELL's health, safety and well-being.

24  31. As a direct and proximate result of Defendants' conduct, decedent PINELL

25  experienced the damages alleged herein, including but not limited to physical pain and suffering,

26  emotional distress, mental anguish, and loss of his life.

27  32. The aforementioned acts and/or omissions of the individually named Defendants,

28  and each of them, were malicious, reckless and/or accomplished with a conscious disregard of

decedent's rights thereby entitling Plaintiffs to an award of exemplary and punitive damages according to proof to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**SECOND CAUSE OF ACTION**
Supervisory Liability based on Customs, Practices or Policies
(Survival Action- 42 U.S.C. §1983)

33. On behalf of decedent PINELL, Plaintiffs re-allege and incorporate by reference the paragraphs 1 through 21, as though fully set forth herein.

34. The aforementioned acts and/or omissions of Defendants, and each of the, in being deliberately indifferent to PINELL's health and safety and in violating decedent's civil rights were the direct and proximate result of customs, practices or policies, or the lack thereof, of SCOTT KERNAN, RON RACKLEY, and DOES 1 through 100, and each of them.

35. Such customs, practices, polices and/or procedures include, but are not limited to, an ongoing pattern of deliberate indifference to a credible and substantial threat to health and safety of CSPS inmates, including the following: a failure to ensure implementation of appropriate health and safety plans; a failure to act upon death threats or threats of grievous bodily harm; a failure to provide appropriate staffing and training at CSPS for providing safety and ensure inmates' civil rights are not violated; a failure to implement a policy to ensure that staff would adequately respond to threats against inmate safety in a timely manner; a failure to create and/or implement guidelines that must be followed to remove inmates from places and situations that present a serious and imminent risk of death; a failure to create and/or implement protocols for monitoring at-risk inmates removed from protective custody and placed in general custody, a failure to create, implement and/or ensure that staff follow policies, guidelines or steps to be taken when staff observe that an inmate is in imminent danger of death; a failure to adequately train and supervise employees and/or agents to prevent the occurrence of the constitutional violations alleged herein; and a failure to promulgate appropriate policies or procedures or take other measures to prevent the constitutional violations alleged herein.

36. As a direct and proximate result of the aforementioned customs, practices, policies and/or procedures of said Defendants, or as a result of Defendants' failure to promulgate

appropriate policies or procedures, decedent PINELL suffered the damages alleged herein, including but not limited to physical pain and suffering, emotional distress, mental anguish, and loss of his life.

**THIRD CAUSE OF ACTION**
Failure to Supervise, Investigate and Discipline
(Survival Action - 42 U.S.C. §1983)

37. On behalf of decedent PINELL, Plaintiffs re-allege and incorporate by reference the paragraphs 1 through 36, as though fully set forth herein.

38. The Constitutional violations by Defendants as alleged herein occurred as a result of the failure to adequately supervise, investigate, and discipline.

39. Defendants SCOTT KERNAN, RON RACKLEY, and DOES 1 through 100, and each of them, failed to adequately supervise, investigate and discipline subordinate employees in regard to preventing deliberate indifference to the serious threats to the health and safety of inmates at CSPS. Said Defendants' failure to supervise, investigate and discipline employees amounted to deliberate indifference to inmates' right to be free of substantial risk of serious harm to their health and safety.

40. As a direct and proximate result of the aforementioned failure to supervise, investigate and/or discipline, decedent PINELL suffered the damages alleged herein, including but not limited to physical pain and suffering, emotional distress, mental anguish, and loss of his life.

**FOURTH CAUSE OF ACTION**
Substantive Due Process- Loss of Parent/Child Relationship
(Violation of the Fourteenth Amendment to the U.S. Constitution: 42 U.S.C. §1983)

41. Plaintiffs re-allege and incorporate by reference the paragraphs 1 through 40 as though fully set forth herein.

42. The acts and/or omissions of Defendants as alleged herein, of being deliberately indifferent to the serious threat of imminent death of decedent PINELL by failing to take adequate preventative measures after they knew that there was a credible imminent deadly threat to decedent resulted in PINELL's death, which deprived Plaintiffs their liberty interest in the parent-child relationship in violation of their substantive due process rights as defined by the

AMERIO LAW FIRM, P.C.
1651 Response Road, Suite 111
Sacramento, CA 95815

First and Fourteenth Amendments to the United States Constitution.

43. Such conduct by said Defendants "shocks the conscience."

44. As a direct and proximate result of said Defendants' conduct, Plaintiffs suffered injuries and damages as alleged herein including pain and suffering and emotional distress.

45. The aforementioned acts and/or omissions of the individually named Defendants were willful, wanton, malicious, reckless, and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FIFTH CAUSE OF ACTION
Wrongful Death
(Cal. Code of Civil Procedure § 377.60 et seq.)

46. On behalf of decedent PINELL, Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45, as though fully set forth herein.

47. Plaintiff ALLEGRA CASIMIR-TAYLOR is the daughter of the decedent, who has no surviving spouse or other surviving children. Filed concurrently with this complaint is Declaration of ALLEGRA CASIMIR-TAYLOR complying with Cal. Code of Civil Procedure section 377.32.

48. The acts and/or omissions with deliberate indifference to a substantial risk of serious harm by Defendants directly and proximately caused the wrongful death of PINELL and were the direct and proximate cause of Plaintiffs' injuries entitling Plaintiffs to recover damages pursuant to Code of Civil Procedure section 377.60 et seq.

49. That on or about August 12, 2015, Defendants, and each of them expressed a culpable state of mind showing deliberate indifference to a substantial risk to the safety of decedent by recklessly placing him in the general population knowing of the known imminent danger of serious harm to decedent's well-being without adequate means of protection which resulted in his untimely death.

//
//
//

**SIXTH CAUSE OF ACTION**
Wrongful Death
(Cruel and Unusual Punishment U.S.C. §1986)

50. On behalf of decedent PINELL, Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49, as though fully set forth herein.

51. The acts and/or omissions of Defendants, and each of them, as alleged herein with deliberate indifference to a known substantial risk of serious harm by Defendants directly and proximately caused cruel and unusual punishment to be inflicted upon decedent which resulted in his death. Defendants expressed a willful disregard for decedent's well- being by recklessly placing him in the general population on August 12, 2015 without reasonable diligence in regards to his safety.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each individually named Defendant in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

4. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: September 23, 2016    **AMERIO LAW FIRM, P.C.**


**By:** /s/ Ashley R. Amerio
ASHLEY R. AMERIO, ESQ.
JEFFREY FLETTERICK, ESQ.
Attorneys for Plaintiff

AMERIO LAW FIRM, P.C.
1651 Response Road, Suite 111
Sacramento, CA 95815