XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
R. LAWRENCE BRAGG, State Bar No. 119194
Deputy Attorney General
JOSEPH R. WHEELER, State Bar No. 216721
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-8152
 Fax: (916) 324-5205
 E-mail: Joseph.Wheeler@doj.ca.gov
*Attorneys for Defendants State of California, California Department of Corrections and Rehabilitation, Scott Kernan, and Ron Rackley*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ESTATE OF HUGO PINELL, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | 2:16-cv-02309 TLN DB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>Date:  July 13, 2017<br>Time:  2:00 p.m.<br>Courtroom:  2<br>Judge:  Hon. Troy L. Nunley<br><br>Trial Date:  None<br>Action Filed:  September 23, 2016 |

## INTRODUCTION

It is well-established that a jurisdictional challenge can be based on extrinsic evidence. And the evidence before this Court establishes that Plaintiff is not the Decedent's daughter, contrary to the allegations in her Complaint. Plaintiff, therefore, lacks standing to bring this action. This Court is, therefore, without subject matter jurisdiction.

1

Even if Plaintiff could prove that she is the Decedent's daughter, the Court nevertheless lacks subject matter jurisdiction over the claims against the State of California and the California Department of Corrections and Rehabilitation ("CDCR") because these Defendants are immune from suit under the Eleventh Amendment.

Accordingly, the Court should grant Defendants' motion to dismiss the action for lack of subject matter jurisdiction.

## RELEVANT BACKGROUND

This action arises out of the death of Hugo Pinell while in the custody of the CDCR. The Plaintiff is Allegra Casimir-Taylor. Named as Defendants are the State of California, CDCR, Scott Kernan, and Ronald Rackley. As against all Defendants, Plaintiff has asserted five claims: Plaintiff's first, second, and third claims are all survival claims brought under 42 U.S.C. § 1983; Plaintiff's fourth claim is one for violation of her substantive due process rights under the Fourteenth Amendment; Plaintiff's fifth claim is for wrongful death under California Code of Civil Procedure section 377.60; and Plaintiff's sixth claim is one for wrongful death under 42 U.S.C. § 1986.

Plaintiff alleges that she is Mr. Pinell's daughter, and is suing in her individual capacity and as Mr. Pinell's successor in interest.[1] (ECF No. 1, 4:10-11; ECF No. 3, 1:24-25). The evidence before the Court demonstrates that Plaintiff is not, in fact, his daughter. Plaintiff's Certificate of Birth, of which Defendants request the Court take judicial notice, identifies Plaintiff's father as "Louis Jacobs," not Hugo Pinell. (Defendants' Request for Judicial Notice, Exhibit "A"). Moreover, Plaintiff has acknowledged previously that she is not the Decedent's daughter. In order to obtain authorization to visit Mr. Pinell in prison, Plaintiff was required to complete a Visiting Questionnaire. Among other things, the questionnaire required Plaintiff to identify her relationship to Mr. Pinell; and the questionnaire provides several examples: "Spouse,

---

[1] Although Plaintiff alleges that she is Mr. Pinell's daughter and that she is bringing this action as his successor in interest, Plaintiff's Declaration (ECF No. 3) does not state that she is "the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding," as required by California Code of Civil Procedure section 377.32. *See* Cal. Code Civ. Proc. § 377.32.

2

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

1  Son/Daughter, other." In responding to this question on February 27, 2014, Plaintiff wrote
2  "other." (Visiting Questionnaire, Exhibit "A").[2]

3  Prior to filing this motion, counsel for Defendants contacted Plaintiff's counsel on multiple occasions in an attempt to meet and confer regarding the issues raised herein. Plaintiff's counsel responded by requesting a stipulation to subpoena blood samples obtained from Mr. Pinell by the Sacramento County Coroner in order to complete DNA testing to determine if Mr. Pinell is Plaintiff's father. Defendants responded by indicating that a stipulation would be provided under the following conditions: (1) that the DNA testing is completed by the California Department of Justice Bureau of Forensic Sciences; (2) that a representative of the Office of the Attorney General ("OAG") is present when the sample is drawn from Plaintiff; and (3) that a sample is provided by Plaintiff's mother in the presence of a representative of the OAG. As of the time of filing this motion, counsel for Defendants have yet to receive a response to this proposal.

**ARGUMENT**

**I.    THIS COURT LACKS JURISDICTION OVER THIS ACTION BECAUSE ALLEGRA CASIMIR-TAYLOR IS NOT A PROPER PLAINTIFF AND LACKS STANDING.**

"The plaintiff bears the burden of invoking the court's subject matter jurisdiction, including establishing the elements of standing." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)); *see also Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998); *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 635 (4th Cir. 2016). If a plaintiff cannot establish standing, her claim must be dismissed for lack of subject matter jurisdiction. *U.S. ex rel. Antoon v. Cleveland Clinic Found.*, 788 F.3d 605, 614 (6th Cir. 2015); *Twitter, Inc. v. Holder*, 183 F.Supp.3d 1007, 1010 (N.D. Cal. 2016) ("Federal Rule of Civil Procedure 12(b)(1) requires dismissal when the plaintiff fails to meet its burden of establishing subject-matter jurisdiction.").

/ / /

---

[2] By signing the completed questionnaire, Plaintiff acknowledged that she understood that any person who provides false identification to gain admittance to the prison is guilty of a misdemeanor. (*See* Visiting Questionnaire, attached as Exhibit "A"; Cal. Pen. Code § 4570.5).

3

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). In such circumstances, no presumptive truthfulness attaches to the allegations of the complaint, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*; accord *Societe D'equipments Internationaux Nigeria, Ltd, v. Dolarian Capital, Inc.*, No. 1:15-cv-01553 GEB SKO, 2016 WL 128464, at *3 (E.D. Cal. 2016) (findings and recommendation adopted).

**A. Plaintiff Lacks Standing to Bring a Survival Claim Under § 1983 Because She Is Neither the Decedent's Personal Representative nor "Successor in Interest" as Required by Code of Civil Procedure Section 377.30.**

"A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1093, n. 2 (9th Cir. 2006) (citing 42 U.S.C. § 1988(a)). California law provides that "[a] cause of action that survives the death of the person ... may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Proc. § 377.30. As applicable here, Plaintiff acknowledges that there is no proceeding to administer the Decedent's estate. (ECF No. 3). Accordingly, she is not the Decedent's personal representative.[3]

Therefore, in order to maintain her survival action, Plaintiff must establish that she is the Decedent's "successor in interest." Plaintiff, however, cannot do so.

/ / /

---

[3] "Personal representative" is defined as an executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status. Cal. Prob. Code § 58; *see also Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore,* 162 Cal.App.4th 1331, 1340 (2008) ("The 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate.").

4

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

### 1. Plaintiff's Declaration Fails to Comply with California Code of Civil Procedure Section 377.32.

California Code of Civil Procedure section 377.32 requires the person who seeks to commence an action as the decedent's successor in interest to execute and file a declaration under penalty of perjury stating, among other things: "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding." Cal. Code Civ. Proc. § 377.32.

Plaintiff's Declaration does not contain this mandatory language. (*See* ECF No. 3). Consequently, Plaintiff cannot establish that she has standing to assert a §1983 survival claim based on the alleged violation of the Decedent's rights. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). This is true despite Plaintiff's allegation that she is the Decedent's daughter. *Id.* (without a sworn statement under section 377.32 that the plaintiff was her father's personal representative or successor in interest, an allegation that she is the decedent's "sole surviving heir" was insufficient to establish the plaintiff's standing).

### 2. Notwithstanding Her Failure to Comply with California Code of Civil Procedure Section 377.32, Plaintiff Cannot Demonstrate that She Is the Decedent's Successor in Interest.

The "decedent's successor in interest," is a "beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11.

Plaintiff alleges that she is the Decedent's daughter. If true, she would be entitled to the Decedent's estate under subdivision (a) of section 6402 of the California Probate Code (s*ee* Cal. Prob. Code § 6402(a)), and could be a "successor in interest" permitted to bring a survival claim under section 377.30. Plaintiff, however, cannot prove that she is the Decedent's daughter.

According to her Certificate of Birth, Louis Jacobs is Plaintiff's father, not the Decedent, Hugo Pinell. This is presumptive evidence that the Decedent is not, in fact, Plaintiff's father; particularly because the birth certificate is signed by Plaintiff's mother, who certified that the information contained in it is true and correct to the best of her knowledge.

///

5

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

In addition, notwithstanding Plaintiff's recent assertion that she is the daughter of the Decedent, in a Visiting Questionnaire that she completed and signed on or about February 27, 2014, Plaintiff did not identify herself as the daughter of the Decedent. Instead, Plaintiff stated that her relationship to the Decedent was: "other."

This evidence demonstrates that Plaintiff is not the Decedent's daughter, and that she lacks standing to bring a survival claim under § 1983. Unless Plaintiff presents clear proof that she is the Decedent's daughter, her survival claims (Claims 1-3) should be dismissed for lack of subject matter jurisdiction.

**B.    Plaintiff Lacks Standing to Bring a Fourteenth Amendment Substantive Due Process Claim.**

"The substantive due process right to family integrity or to familial association is well established." *Rosenbaum v. Washoe Cnty.,* 663 F.3d 1071, 1079 (9th Cir. 2011). "'A parent has a fundamental liberty interest in companionship with his or her child.'" *United States v. Wolf Child,* 699 F.3d 1082, 1091 (9th Cir. 2012) (quoting *Rosenbaum,* 663 F.3d at 1079). Likewise, a child has a fundamental liberty interest in the companionship and society of his or her parent. *Lee v. City of L.A.,* 250 F.3d 668, 685-86 (9th Cir. 2001); *Curnow ex rel. Curnow v. Ridgecrest Police,* 952 F.2d 321, 325 (9th Cir. 1991). "[V]iolation of the right to family integrity is subject to remedy under § 1983." *Rosenbaum,* 663 F.3d at 1079. But this well-established right does not apply here because Plaintiff cannot establish that she is the Decedent's daughter, or had any other familial relationship with the Decedent.

Because Plaintiff lacks standing to bring a substantive due process claim, the Court should dismiss her fourth claim for relief.

**C.    Plaintiff Lacks Standing to Bring a Wrongful Death Claim Under California Code of Civil Procedure Section 377.60.**

"In California, an action for wrongful death is governed solely by statute, and the right to bring such an action is limited to those persons identified therein." *Frary v. Cty. of Marin*, 81 F.Supp.3d 811, 843 (N.D. Cal. 2015) (quoting *Scott v. Thompson,* 184 Cal.App.4th 1506, 1510 (2010)). A cause of action for the death of a person caused by the wrongful act or neglect of

6

another may be asserted by any of the following persons: "The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession." Cal. Code Civ. Proc. § 377.60(a). The category of persons eligible to bring a wrongful death action is strictly construed. *Frazier v. Velkura*, 91 Cal.App.4th 942, 945 (2001). A plaintiff seeking to bring a wrongful death claim bears the burden of pleading and proving her standing to do so. *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal.App.4th 165, 188 (2015).

As discussed above, Plaintiff cannot establish that she is the Decedent's daughter and, therefore, cannot meet her burden of proving that she has standing to bring this claim. Accordingly, the Court should dismiss her fifth claim for wrongful death under California Code of Civil Procedure section 377.60.

### D. Plaintiff Lacks Standing to Bring a Claim Under 42 U.S.C. § 1986.

Under 42 U.S.C. § 1986, an action can be brought for the failure to prevent a wrongful act, which results in death, from being committed. By its explicit terms, however, such an action can be brought only by the legal representative of the deceased "for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased." 42 U.S.C. § 1986. Here, Plaintiff acknowledges that she is not the Decedent's legal representative. (ECF No. 3). Accordingly, Plaintiff lacks standing to bring a claim under 42 U.S.C. § 1986, and her sixth claim for relief should be dismissed.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE STATE OF CALIFORNIA AND CDCR BECAUSE THESE DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

The Eleventh Amendment generally bars suits against states or their agencies. *See Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014). A state's sovereign immunity poses "a bar to federal jurisdiction over suits against non-consenting States." *Freedom From Religion Found., Inc. v. Geithner*, 715 F.Supp.2d 1051, 1057 (E.D. Cal. 2010) (quoting *Alden v. Maine*, 527 U.S. 706, 728-29 (1999)). "This jurisdictional bar applies to suits in which the State or one of its agencies

7

or departments is named as the defendant" and "applies regardless of the nature of the relief sought." *Freedom From Religion Found., Inc.*, 715 F.Supp.2d at 1057 (citations omitted); *see also Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court); *Jackson v. Luther*, No. EDCV 10-1600-CJC E, 2010 WL 4395394, at *1 (C.D. Cal. 2010) ("Plaintiff may not sue the California Department of Corrections and Rehabilitation in this Court. [I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought.").

"Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte." *Lonberg v. City of Riverside*, No. ED CV 970237 RTA JWX, 2001 WL 34884723, at *1, n. 1 (C.D. Cal. 2001)).  Immunity under the Eleventh Amendment is properly raised by a motion to dismiss for lack of subject matter jurisdiction.  *Id.*; *see also Doe v. Regents of Univ. of California*, No. CIV.S-06-1043 LKK/DAD, 2006 WL 2506670, at *4 (E.D. Cal. 2006); *Nicholas v. California Dep't of Soc. Servs.*, No. CV 10-4569 RS, 2011 WL 773027, at *2 (N.D. Cal. 2011).

In this case, Plaintiff has sued both the State of California and CDCR.  As the authorities cited above make clear, however, both of these Defendants are immune from suit in this Court under the Eleventh Amendment.  This Court, therefore, lacks jurisdiction over these Defendants and must dismiss them from the action.

/ / /

/ / /

/ / /

8

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

# CONCLUSION

Plaintiff is neither the Decedent's daughter nor successor in interest. Accordingly, Plaintiff is not a proper party and lacks standing to bring this action. And because she lacks standing, this court is without subject matter jurisdiction. Even if Plaintiff can prove that she is a proper party and has standing, this Court would nevertheless lack subject matter jurisdiction over the claims against the State of California and CDCR because these Defendants are immune from suit under the Eleventh Amendment. Defendants' motion to dismiss for lack of subject matter jurisdiction should, therefore, be granted.

Dated: May 22, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General
R. LAWRENCE BRAGG
Deputy Attorney General

*/s/ Joseph R. Wheeler*

JOSEPH R. WHEELER
Deputy Attorney General
*Attorneys for Defendants State of California, California Department of Corrections and Rehabilitation, Scott Kernan, and Ron Rackley*

SA2015301941
32892577.doc

9

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

# CERTIFICATE OF SERVICE

**Case Name:** *Estate of Hugo Pinell, et al. v. State of California, et al.*
**Case No.:** **2:16-cv-02309 TLN DB**

I hereby certify that on **May 22, 2017**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 22, 2017**, at Sacramento, California.

| D. Kulczyk | */s/ D. Kulczyk* |
|---|---|
| Declarant | Signature |

10

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (2:16-cv-02309 TLN DB)

EXHIBIT A

(REDACTED)

**STATE OF CALIFORNIA**
**VISITING QUESTIONNAIRE**
CDCR 106 (REV. 09/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

READ CAREFULLY. Please PRINT or TYPE. The information requested will be used by officials of the California Department of Corrections and Rehabilitation (CDCR) to determine whether your questionnaire will be approved or disapproved. The information provided will be maintained in a file pertaining to the inmate.

In accordance with the Privacy Act of 1974 (PL93-579), providing your Social Security number is optional. However, any omission or falsification on this questionnaire may be cause for denial of visiting. Please mail this form directly to the visiting office of the institution where the inmate is confined.

**1. NAME OF INMATE YOU WANT TO VISIT** (LAST) Pinell (FIRST) Hugo (MIDDLE) Lyon Antonio | **INMATE'S CDC NUMBER** A-88401

**2. YOUR NAME:** Allegra Renee' Casimir-Taylor | SUFFIX: — | **HOME TELEPHONE NUMBER** (916) 372-38__

**3. MAIDEN NAME** (if applicable): Casimir | HAVE YOU EVER USED ANOTHER NAME? IF SO, PLEASE LIST: A. Barrow, A. Ruffin | **RELATIONSHIP TO INMATE**: other

**4. DATE OF BIRTH**: __/__/62 | **AGE**: 51 | **GENDER**: F | **BIRTHPLACE (City)**: SF | **County**: S.F | **State**: CA | **Country**: SF

**5. ID NUMBER**: [redacted] | **ID TYPE**: ☒ DRIVER'S LICENSE ☐ STATE ID ☐ MILITARY ID ☐ PASSPORT
**ISSUED BY** (County) Sac (State) CA (Country) Sac
**6. SOCIAL SECURITY NUMBER**: [redacted] 9655

**7. CURRENT RESIDENCE ADDRESS**: 5836 Vista Ave | **CITY**: Sac | **STATE**: CA | **ZIP**: 95824

**8. MAILING ADDRESS**: 5845 69th St. | **CITY**: Sac | **STATE**: CA | **ZIP**: 95824

**9. PREVIOUS ADDRESS WITHIN PAST TWO YEARS**: 3675 Bass St. & 3260 Pillbury Rd | **CITY**: W-Sac | **STATE**: CA | **ZIP**: 95691

**10. ACCOMPANYING MINOR(S)**:
1. 2. 3.
4. 5. 6.

**11. HAVE YOU EVER VISITED ANOTHER INMATE(S) IN A CALIFORNIA PRISON?** ☐ YES ☒ NO

**12. HAVE YOU EVER BEEN DETAINED, ARRESTED, OR CONVICTED OF A CRIME?** ☒ YES ☐ NO

**12A. OFFENSE**: Arrested for Jaywalking | **APPROX. DATE**: April 1979 or 1980 | **DISPOSITION**: Released by Officer | **COUNTY**: S.F | **STATE**: CA

**13. ARE YOU ON PROBATION?** ☐ YES ☒ NO
ARE YOU ON PAROLE OR CIVIL ADDICT OUTPATIENT STATUS? ☐ YES ☒ NO
HAVE YOU BEEN INCARCERATED IN A STATE ADULT/JUVENILE CORRECTIONAL FACILITY? ☒ YES ☐ NO
**14. ARE YOU CURRENTLY UNDER ANY TYPE OF COURT IMPOSED PROGRAM?** ☐ YES ☒ NO

**13B.** NA Juvenile CPS Case 1972-73?

CONTINUED ON BACK PAGE

STATE OF CALIFORNIA  
**VISITING QUESTIONNAIRE**  
CDCR 106 (REV. 09/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

14. If you are under 18 years of age and are not an emancipated minor or the inmate's legal spouse, you must have the written notarized consent of a parent or legal guardian and be accompanied by a responsible adult who is also approved to visit. The notarized written consent must be presented each time a minor visits unless prior approval has been attained from the Warden for an inmate to visit with his or her unchaperoned children.

15. **VISITORS WITH DISABILITIES:** If you have special requirements related to your disability (medical implants, prosthetic devices or requiring mobility assistive devices, i.e., crutches, walkers, braces, wheelchairs, battery operated or custom prescribed wheelchairs, guide dog for the visually or hearing impaired, insulin kit with syringes, etc.) you will need to attach a verifying statement from your physician. Visitors with guide dogs will need to provide the dog's certification paperwork upon visit check-in. The CDCR will make every effort to provide reasonable accommodations for all qualified/eligible visitors with disabilities in keeping with the safety and security of the institution and the public. If you have any questions and/or concerns, please contact the institution where the inmate is confined.

16. The following laws relate to prison visitation:

    **SUBJECT TO SEARCH:** Visitors entering the correctional institution, camp or facility grounds are subject to a search of their person, vehicle and property. Except as described below, visitors may leave the institution, camp, or facility grounds rather than submit to a search of their person, vehicle or property. Refusal to submit to the search will result in denial of visiting for that day.

    Visitors may not elect to leave the correctional institution, camp or facility grounds rather than submit to a search when institution officials possess a court issued search warrant or cause for a search arises while the visitor is on the institution grounds and the cause for the search is believed by institutional officials to be a criminal offense.

    **FIREARMS AND DRUGS ON INSTITUTIONAL GROUNDS/ASSISTING INMATES TO ESCAPE:** It is a felony for anyone to assist inmates to escape. Bringing firearms, deadly weapons, explosives, tear gas, drugs, drug paraphernalia, or selling drugs on prison grounds, or giving/selling inmates firearms, weapons, explosives, liquor, cocaine, or other narcotics of any kind of drugs, including marijuana, is a crime (Sections 2772, 2790, 4534, 4535, 4550, 4573, 4573.5, 4573.6, 4573.8, 4573.8, 4573.9, 4574, 4600, California Penal Code).

    **GIVING LETTERS TO INMATES OR TAKING LETTERS OUT FOR INMATES BY ANYONE IS A MISDEMEANOR:**  
    (Sections 4570, 4570.1, California Penal Code).

    **FALSE IDENTIFICATION:** Anyone who falsely identifies himself/herself to gain admittance to a prison is guilty of a misdemeanor. Persons previously convicted of a felony in the State who come upon the grounds of a prison without permission of the official in charge are guilty of a felony.  
    (Sections 4570.5, 4571, California Penal Code).

    **PERIOD OF EMERGENCY:** In the event of an emergency situation that affects a significant portion of the inmate population at an institution, the visiting program and other program activities may be suspended during the period of emergency (Section 2601(d), California Penal Code).

    **GIVING OR RECEIVING GIFTS:** Giving or receiving gifts to or from inmates is a misdemeanor (Sections 2540, 2541, California Penal Code).

    **HOSTAGES:** Hostages will not be recognized for bargaining purposes during attempted escapes by inmates (Section 3304, California Code of Regulations, Title 15, Division 3, Chapter 1.

17. If you are APPROVED to visit, the inmate will be notified and it is his/her responsibility to notify you.  
    If you are DISAPPROVED to visit, the institution will notify you by mail. You will not be allowed to visit until your application is approved.

| I have read and understand the above information and agree to follow all Federal, State and CDCR rules and regulations. | VERIFICATION OF MAILING |
|---|---|
| Allegra Taylor — VISITOR SIGNATURE — 2/27/14 DATE | I have mailed this Visiting Questionnaire to the visitor applicant. Heavy J. A. Vinell A-88401 — INMATE SIGNATURE/CDC # — 2-20-2014 DATE |

**OFFICIAL USE ONLY - TO BE COMPLETED BY INSTITUTION STAFF**

Criminal History: ☐ YES ☐ NO    CII/FBI #: A27604460

☐ APPROVED  
☒ DISAPPROVED, for the following reason(s):   (If DISAPPROVED, the applicant and inmate are to be informed in writing of the disapproval.)

☐ Omissions and/or falsifications Section(s): _____    ☐ Need copy of Declaration of Discharge  
☐ Need disposition(s) for: _____  
☐ Applicant is under:   ☐ Parole    ☐ Formal Probation    ☐ Civil Addict Outpatient Supervision  
☐ Arrest record received via DOJ indicates applicant has an extensive and/or recent history of criminal activity for offenses that are particularly sensitive to the institutional security. May reapply after: (DATE: _____)  
☒ Other: DRV LIC IS Suspended  
☐ Applicant's privileges to visit will be reconsidered:  
  ☐ upon receipt of the above requested information    and/or    ☐ after (DATE: _____)

| PRINT NAME | SIGNATURE | TITLE | INSTITUTION | DATE |
|---|---|---|---|---|
| Burch | | Sgt | SAC | 3/7/14 |

☐ INMATE/VISITOR NOTIFIED ON (DATE) _____    ☐ BY WHOM _____

## DECLARATION OF CYNTHIA BURRIS

I am Chief of Correctional Case Records employed by the California Department of Corrections and Rehabilitation, Case Records Services, 1515 S Street, Room 321 North, Sacramento, CA 95814, (916) 445-9652. In this capacity, I am a duly authorized Custodian of Records of persons incarcerated in the California State prison system.

A Central File is maintained on each inmate housed in the California Department of Corrections and Rehabilitation. The Central File is comprised of records maintained in the Strategic Offender Management System (SOMS) and the Electronic Records Management System (ERMS).

The documents and entries in documents pertaining to an inmate are prepared at or near the time of their occurrence by persons with knowledge of the circumstances or events.

The documents attached hereto are true and correct copies of documents from the records of inmate Pinell, Hugo A., CDCR #A88401 and maintained in the regular course of business by the California Department of Corrections and Rehabilitation.

I declare under penalty of perjury that I am competent to testify as a witness, that the foregoing is true and correct and based on my personal knowledge except for those statements based on information and belief and as to those statements I believe them to be true, and that if called as a witness I would so testify.

Executed this 20th day of August, 2015, at Sacramento, California.

*Cynthia Burns*
CYNTHIA BURRIS
Chief, Correctional Case Records Services